UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAIME RODRIGUEZ,

                        Plaintiff,

        -against-                                              9:10-CV-1013 (LEK/GHL)

FEDERAL BUREAU OF PRISONS;
JOHN/JANE DOES, Members of the
Northeast Region Utilization Committee;
J.L. NORWOOD, Northeast Regional
Director; HARRELL WATTS, National
Inmate Appeals Administrator,

                        Defendants.

**MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiff Jaime Rodriguez brings this action *pro se* pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), seeking both monetary and injunctive relief for the alleged violation of his Eighth Amendment right to proper and adequate medical care. Complaint (Dkt. No. 1). As alleged in the Complaint, the contract orthopedic surgeon at the Federal Correctional Institution at Ray Brook ("FCI Ray Brook") recommended knee surgery for Plaintiff, but approval of that surgery was denied by the "Northeast Region Utilization Review Committee." Id. ¶¶ 16-22. Plaintiff claims that there are no other treatment options for his knee condition, which continues to degenerate and cause extreme pain and swelling, and he alleges that Defendants "deliberately disregarded plaintiff's sufficiently serious medical need." Id. ¶¶ 13, 24. The Complaint names as Defendants the Federal Bureau of Prisons ("Defendant BOP"); John/Jane Does, members of the Northeast

Region Utilization Committee; J.L. Norwood, Northeast Regional Director; and Harrell Watts, National Inmate Appeals Administrator. Presently before the Court are Plaintiff's Motion for a preliminary injunction (Dkt. No. 8) ("P.I. Motion"), Defendants' Motion to dismiss Plaintiff's complaint (Dkt. No. 24) ("Motion to dismiss"), Plaintiff's Motion to amend his complaint (Dkt. No. 31) ("Motion to amend"), and Defendants' Motion requesting an extension of time to respond to the amended complaint (Dkt. No. 33) ("Motion for extension").

**II.   BACKGROUND**

Plaintiff filed the P.I. Motion on December 12, 2010, seeking an order of this Court directing Defendants to "authorize and grant my needed knee surgery at the earliest possible time." P.I. Mot. at 1. Defendant BOP responded to Plaintiff's Motion on March 3, 2011, arguing that it was moot because authorization for the surgery had been granted on February 23, 2011, and Plaintiff's surgery was in the process of being scheduled. Defs.' Opp. to P.I. Mot. (Dkt. No. 17) ("Opposition"). Defendants BOP, Norwood, and Watts also filed their Motion to dismiss on April 29, 2011.

Plaintiff filed a Reply opposing Defendants' request that the Motion be denied as moot. Pl.'s Reply to Defs.' Opp. to P.I. Mot. (Dkt. No. 20) ("Reply"). In his Reply, Plaintiff contended that the Motion will only be moot "once the surgery has been performed." Id. at 2. Thereafter, Plaintiff advised the Clerk that on May 10, 2011, he had been transferred from FCI Ray Brook to the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"). Plaintiff's Notice of change of address (Dkt. No. 25). Plaintiff further advised that as of May 18, 2011, the requested surgery had not been performed. Pl.'s Response in Opp. to Defs.' Mot. T.D. (Dkt. No.

27) ("Response") at 11.[1]

In a Memorandum-Decision and Order issued July 15, 2011, the Court determined that on the basis of the record before it, Plaintiff's Motion was not moot. Dkt. No. 29 ("July Order"). In addition, because it was "unclear whether Plaintiff is scheduled to receive his surgery or not," Defendants were directed to file a supplemental response to the Motion. Id. at 6.

Defendants duly filed their Supplemental Response (Dkt. No. 30) on August 4, 2011, as well as a Status Report on August 25, 2011. Dkt. No. 34. Plaintiff filed his Motion to amend on August 8, 2011, and Defendants responded with the present Motion for extension on August 22, 2011. On August 25 and 29, 2011, Defendants and Plaintiff respectively notified the Court that Plaintiff had received knee surgery on August 24, 2011. Dkt. Nos. 34, 35.

### III. DISCUSSION

#### A. Motion for Preliminary Injunction

As discussed in the Court's July Order, a preliminary injunction "is an extraordinary remedy and should not be routinely granted." Patton v. Dole, 806 F.2d 24, 28 (2d Cir. 1986) (citation omitted). In most cases, the party seeking the injunction must show "that [he] will suffer irreparable harm in the absence of an injunction and demonstrate either (1) 'a likelihood of success on the merits' or (2) 'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly'" in favor of the moving party. Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996) (citation and quotation marks omitted). In cases such as this one, where a movant seeks relief that will alter, rather than

---

[1] Plaintiff stated, moreover, that medical staff at FCI Fort Dix told him that he must begin the process of "examination, referral to an orthopedic surgeon, request for surgery approval, etc., all over again." Response at 11.

maintain, the status quo, or that will provide him with substantially all the relief he seeks, the injunction sought is properly characterized as mandatory rather than prohibitory, and a movant must make a "clear" or "substantial" showing of the likelihood of success, as well as irreparable harm, if the court does not grant the injunctive relief.  Id.; see also July Order at 4.

In their Supplemental Response, Defendants submitted the Declaration of Dr. Abigail Lopez De Lasalle, Clinical Director at FCI Fort Dix, who advised that the medical procedure sought by Plaintiff was approved on August 3, 2011.  Declaration of Abigail Lopez De Lasalle, M.D. (Dkt. No. 30-1).  Dr. Lopez De Lasalle also stated in her Declaration, "[Plaintiff] will receive the surgery within the next month."  Id.  In the Status Report, Defendants' counsel further advised that Plaintiff "underwent knee surgery on August 24, 2011."  Status Report at 1.  Additionally, Plaintiff himself notified the Court on August 29, 2011, that he received his surgery on August 24, 2011, and that his Motion is "now moot and can be dismissed as such."  Dkt. No. 35 at 1.

On the record now before the Court, it is clear that Plaintiff's Motion is moot.  Camreta v. Greene, 563 U.S. ___, 131 S.Ct. 2020 (2011) (internal quotation omitted) ("When subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur, [there is] no live controversy to review.").  Plaintiff's Motion is therefore denied and dismissed.

**B. Motion to Amend the Complaint**

A motion to amend a pleading is governed by Rule 15 of the Federal Rules of Civil

Procedure.[2] Rule 15 states that leave to amend shall be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court, and the court's decision is not subject to review on appeal except for abuse of discretion. See Fielding v. Tollaksen, 510 F.3d 175, 179 (2d Cir. 2007).

In his Motion, Plaintiff states that he seeks to file an Amended Complaint in order to identify by name two Defendants identified in the original Complaint as "John Doe," and to supplement that pleading "with added information, occurrences and facts that have occurred and have been gleaned subsequent to the filing of the complaint." Mot. to Amd. ¶ 3.[3]

Defendants have not opposed Plaintiff's Motion, but Defendants' counsel has requested that "a response to the amended complaint not be required until sixty (60) days after the District Court's resolution of the pending Motion to Dismiss." Defs' Mot. for Ext. at 1.

Upon review of the file, and in light of the fact that Defendants are not opposed to the requested relief, the Court grants Plaintiff's Motion to amend. Plaintiff is directed to submit a signed copy of his Proposed amended complaint (Dkt. No. 31-1) to the Clerk for filing within twenty (20) days of the filing date of this Decision and Order. Upon the filing of that amended complaint, the Clerk shall revise the docket to add "Hyosim Seon-Spada, BOP Nurse Practitioner," and "John Manetti, D.O., BOP Northeast Regional Medical Director," as Defendants. The Clerk shall also complete a waiver of service of process form for each of these

---

[2] The Local Rules of Practice of the Northern District provide that a motion to amend must be supported by a proposed amended pleading, which "must be a complete pleading, which will supersede the original pleading in all respects." See L.R. 7.1(a)(4).

[3] According to Plaintiff, there is at least one additional "John Doe" Defendant, whose identity Plaintiff has not yet ascertained. Mot. to Amd. ¶ 8.

5

additional Defendants, and provide those forms to the United States Marshal, who shall effect service of process on them in accordance with Rule 4 of the Federal Rules of Civil Procedure.

The original Defendants shall respond to the amended complaint no later than sixty (60) days from the date of the filing of the signed amended complaint. A response to the amended complaint shall be filed on behalf of the additional Defendants in accordance with the Federal Rules of Civil Procedure.

### C. Motion to Dismiss

As noted above, Defendants' Motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is pending before the Court. "Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." Byng v. Campbell, No. 9:07-CV-471, 2008 WL 152708, at *1 (N.D.N.Y. Dec. 16, 2008). Because Plaintiff's Motion to amend has been granted, upon the filing of a signed copy of the Proposed amended complaint, Defendants' Motion to dismiss will be denied as moot.

### IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for a preliminary injunction (Dkt. No. 8) is **DENIED** and **DISMISSED** as moot; and it is further

**ORDERED**, that Plaintiff's Motion to amend (Dkt. No. 31) is **GRANTED**, and Plaintiff is directed to submit a signed copy of his Proposed amended complaint (Dkt. No. 31-1) to the Clerk for filing **within twenty (20) days** of the filing date of this Decision and Order; and it is further

**ORDERED**, that upon the timely filing of a signed amended complaint, the Clerk shall

revise the docket to add "Hyosim Seon-Spada, BOP Nurse Practitioner," and "John Manetti, D.O., BOP Northeast Regional Medical Director," as additional Defendants. The Clerk shall also complete a waiver of service of process form for each additional Defendant and provide those forms to the United States Marshal, who shall effect service of process on them in accordance with Rule 4 of the Federal Rules of Civil Procedure; and it is further

**ORDERED,** that the original Defendants shall respond to the amended complaint no later than **sixty (60) days** from the date of the filing of the signed amended complaint. A response to the amended complaint shall be filed on behalf of the additional Defendants in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that upon the timely filing of a signed amended complaint, Defendants' Motion to dismiss (Dkt. No. 24) shall be **DENIED** as moot. In the event that Plaintiff does not timely file a signed Amended Complaint, the Clerk shall return the file to the Court for consideration of the Motion to dismiss; and it is further

**ORDERED**, that Defendants' Motion for an extension of time to respond to the amended complaint (Dkt. No. 33) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff take reasonable steps through discovery to ascertain the identity of the remaining "John Doe" Defendant named in the Proposed amended complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties. The Clerk shall also send Plaintiff a copy of his Proposed amended complaint.

**IT IS SO ORDERED.**

DATED: September 06, 2011
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge