UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAIME RODRIGUEZ,

                         Plaintiff,

  -against-                                                9:10-CV-1013 (LEK/TWD)

FEDERAL BUREAU OF PRISONS;
HYOSIM SEON-SPADA, Nurse
Practitioner, Federal Bureau of Prisons;
JOHN MANENTI, D.O., Northeast
Regional Medical Director, member of the
Northeast Region Utilization Committee,
Federal Bureau of Prisons; JOHN/JANE
DOE, Regional IOP/ID Coordinator,
member of the Northeast Region
Utilization Committee, Federal Bureau of
Prisons; J.L. NORWOOD, Northeast
Regional Director, Federal Bureau of
Prisons; HARRELL WATTS, National
Inmate Appeals Administrator, Federal
Bureau of Prisons, in their individual
and official capacities,

                         Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on November 30, 2012 by the Honorable Thérèse Wiley Dancks, U. S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(d) of the Northern District of New York. Dkt. No. 58 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Jaime Rodriguez ("Plaintiff"), which were filed on December 14, 2012. Dkt. No. 60 ("Objections").

The Court presumes the parties' familiarity with the facts and procedural history of the case. For a detailed account of this background, reference is made to the Report-Recommendation, which

incorporates both parties' statements of facts.

In her Report-Recommendation, Judge Dancks recommended that the Defendants' Motion to dismiss the Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) be granted in part and denied in part. Report-Rec.; Dkt. Nos. 37 ("Amended Complaint"), 42 ("Motion"). For the following reasons, the Court adopts the Report-Recommendation in its entirety and dismisses Plaintiff's Amended Complaint against the Federal Bureau of Prisons and Defendants Seon-Spada, Norwood, and Watts.

## II. STANDARD OF REVIEW

The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Plaintiff raises three general objections to the adoption of the Report-Recommendation. First, Plaintiff contends that Defendants Norwood's and Watts's Motion to dismiss should be rejected because the Amended Complaint "establishes that plaintiff's grievances put these defendants on notice of the ongoing constitutional violations, supplying them with more than enough information to know that their subordinate regional medical staff were indeed committing a

violation." Obj. at 1-2. Next, Plaintiff argues that "Norwood and Watts . . . both acted with conscious and reckless disregard of plaintiff's condition." Id. at 3. Finally, Plaintiff submits that Defendants "cannot escape liability simply by denying personal involvement in the regional medical staff's rejection of plaintiff's surgery." Id. at 4.

These objections are substantively identical to the arguments raised by Plaintiff in his Amended Complaint and Response in opposition to Defendants' Motion to dismiss. See generally Am. Compl.; Dkt. No. 45. Because Plaintiff has failed to raise any new arguments or identify any potential defects in the Magistrate Judge's reasoning beyond her failure to yield a recommended outcome consistent with Plaintff's previously stated arguments, the Court reviews the Report-Recommendation in its entirety for clear error. Farid, 554 F. Supp. 2d at 307. Upon a thorough review of the Report-Recommendation and the record before it, the Court finds no such error. As a result, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 58) is **APPROVED and ADOPTED in its ENTIRETY**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 42) to dismiss Plaintiff's Amended Complaint (Dkt. No. 37) is **GRANTED** in part and **DENIED** in part consistent with this Decision and Order; and it further

**ORDERED**, that Defendant's Motion (Dkt. No. 42) to dismiss Plaintiff's Amended Complaint (Dkt. No. 37) as against the Federal Bureau of Prisons and Defendants Seon-Spada, Manenti, John/Jane Doe Norwood, and Watts, in their official capacities, for lack of subject matter jurisdiction is **GRANTED**, and Plaintiff's Amended Complaint (Dkt. No. 37) as against the Federal

3

Bureau of Prisons and Defendants Seon-Spada, Manenti, John/Jane Doe Norwood, and Watts, in their official capacities, is **DISMISSED without leave to replead**; and it is further

**ORDERED**, that Defendant Seon-Spada's Motion (Dkt. No. 53) to dismiss the Plaintiff's Amended Complaint (Dkt. No. 37) against her in her individual capacity is **GRANTED**, and Plaintiff's Amended Complaint (Dkt. No. 37) against Defendant Seon-Spada is **DISMISSED without leave to replead**; and it is further

**ORDERED**, that Defendants Norwood's and Watts's Motion (Dkt. No. 42) to dismiss Plaintiff's Amended Complaint (Dkt. No. 37) as against them in their individual capacities for failure to state a claim is **GRANTED**, and Plaintiff's Amended Complaint (Dkt. 37) as against them is **DISMISSED** without prejudice with **leave to replead**; and it is further

**ORDERED**, that Defendant Manenti's Motion (Dkt. No. 42) to dismiss Plaintiff's Amended Complaint as against him in his individual capacity for failure to state a claim and on qualified immunity grounds is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED: January 30, 2013
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge