UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAIME RODRIGUEZ,

       Plaintiff,

  -against-           9:10-cv-1013 (LEK/TWD)

JOHN MANENTI,

       Defendant.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on January 13, 2014, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 99 ("Report-Recommendation"). Judge Dancks recommends that Defendant John Manenti's ("Defendant") Motion for summary judgment be granted, that Plaintiff Jaime Rodriguez's ("Plaintiff") Amended Motion for summary judgment be denied, and that Plaintiff's Amended Complaint be dismissed as to any yet-unnamed Defendants. See generally Report-Rec; Dkt. Nos. 37 ("Amended Complaint"); 89 ("Plaintiff's SJ Motion")[1]; 92 ("Defendant's SJ Motion"); 92-1 ("Defendant's SJ Memorandum"). Plaintiff has filed Objections. Dkt. No. 100 ("Objections").

**II. BACKGROUND**

The Court presumes the parties' familiarity with the underlying facts of this case. For a more detailed statement of facts, reference is made to the Amended Complaint, both parties'

---

[1] Plaintiff's Motion for summary judgment and supporting memorandum of law comprise one document.

summary judgment briefs, and the Report-Recommendation.

The Complaint alleges that Defendant violated Plaintiff's Eighth Amendment rights by failing to authorize surgery on Plaintiff's injured knee. See Am. Compl. ¶ 15. Both parties moved for summary judgment. Pl.'s SJ Mot.; Def.'s SJ Mot. Each party responded, and Plaintiff filed a Reply. Dkt. Nos. 95; 96; 98. Magistrate Judge Dancks recommended that the Court grant Defendant's Motion and deny Plaintiff's because (1) Plaintiff has not adduced sufficient evidence of the seriousness of his medical condition; and (2) at most, Defendant's denial of surgery was malpractice, which is not actionable under the Eighth Amendment as a matter of law. Report-Rec.

Plaintiff objected, arguing that Judge Dancks (1) failed to consider the full extent of his injury; and (2) mischaracterized Defendant's decision as a "difference of medical opinion." See generally Objs. After a thorough *de novo* review of the record, the Court finds merit in Plaintiff's Objections and declines to adopt the portion of the Report-Recommendation granting Defendant summary judgment. Upon review of the remainder of Defendant's summary-judgment Motion, the Court finds no other basis on which to grant summary judgment; therefore Defendant's Motion is denied. The Court approves and adopts the remainder of the Report-Recommendation.

### III. STANDARD OF REVIEW

#### A. Report-Recommendation

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1

(N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011).

### B. Motion for Summary Judgment

Summary judgment is proper where "there is no genuine issue as to any material fact," and thus "the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 94 (2d Cir. 2012). The moving party must first meet a burden of production, which differs depending on whether the moving party will have the burden of proving the claim or element at trial. Celotex, 477 U.S. at 330-32 (Brennan, J., dissenting). Plaintiff will bear the burden of proving the deliberate indifference factors at trial; he "must support [his] motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle [him] to a directed verdict if not controverted at trial." Id. at 331. Defendant will not bear the burden at trial; he may, in support of his Motion: (1) "submit affirmative evidence that negates an essential element of the nonmoving party's claim"; or (2) "demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Id. If a moving party has carried its burden, the nonmoving party must raise some genuine issue of material fact; "metaphysical doubt as to material facts" is not enough. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). However, the burden of persuasion remains at all times with the moving party, who must affirmatively demonstrate

3

entitlement to judgment as a matter of law. Celotex, 477 U.S. at 332.

**C. Deliberate Indifference to Medical Needs**

A prison official's indifference to a prisoner's medical needs is actionable under the Eighth Amendment only if it "constitute[s] 'an unnecessary and wanton infliction of pain' or [is] 'repugnant to the conscience of mankind.'" Estelle v. Gamble, 429 U.S. 97, 105-106 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). The claim has objective and subjective elements; the objective element (the "serious medical needs") weighs the seriousness of the medical condition, and the subjective element (the "deliberate indifference") requires a culpable state of mind—"the equivalent of criminal recklessness." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). Medical malpractice is "noncognizable" under the Eighth Amendment. Neitzke v. Williams, 490 U.S. 319, 321-22 (1989) (citing Estelle, 429 U.S. at 106).

**IV. DISCUSSION**

Magistrate Judge Dancks found no genuine issue of material fact as to either the objective or subjective elements of Plaintiff's Eighth Amendment claim. Plaintiff challenges each finding.

**A. Seriousness of Medical Condition**

Plaintiff argues that Magistrate Judge Dancks mischaracterized his injury and therefore wrongfully concluded that it was insufficiently serious. Objs. at 2-5. The Second Circuit has analyzed the objective element under "a non-exhaustive list of such factors, including: (1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) 'the existence of chronic and substantial pain.'" Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003) (quoting Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)). Issues of material fact

remain as to this inquiry.

Plaintiff suffered a serious limitation of mobility and chronic pain, and has presented evidence that his condition required surgery. Plaintiff experienced "repetitive locking or jamming of the knee with pain, swelling, and inability to walk." Objs. at 5. This symptomatic presentation was insufficient to support a directed verdict in the context of a hip injury. See Hathaway v. Coughlin, 37 F.3d 63, 67 (2d Cir. 1994).[2] The cases where knee injuries were found insufficient to support a deliberate indifference claim did not deal with a serious limitation of mobility in addition to chronic pain, as well as strong evidence in the record that the condition would not improve absent surgery. See generally Johnson v. Wright, 477 F. Supp. 2d 572 (W.D.N.Y. 2007); Williamson v. Goord, No. 02-CV-0521, 2006 WL 1977438 (N.D.N.Y. July 11, 2006); Taylor v. Kurtz, No. 00-CV-700F, 2004 WL 2414847 (W.D.N.Y. Oct. 28, 2004); Espinal v. Coughlin, No. 98 Civ. 2579, 2002 WL 10450 (S.D.N.Y. Jan. 3, 2002). The Court finds Plaintiff's combination of pain and significant functional limitation to be sufficient to create a genuine issue of material fact.

**B. Defendant's Knowledge**

Plaintiff also challenges Magistrate Judge Dancks's finding that Defendant lacked culpable state of mind. Plaintiff argues that he was subjected to *pro forma* procedures and conservative treatments when surgery was clearly needed. Objs. at 6-10. Plaintiff appears to challenge the finding on two grounds: (1) the InterQual guidelines actually supported surgery given Plaintiff's condition; and (2) even if the guidelines, rigidly applied, required Plaintiff to exhaust conservative treatment options, Plaintiff's orthopedic assessments made clear that surgery was nevertheless

---

[2] Hathaway is not distinguishable solely because of the severity and complexity of the required of the surgical procedure; the Brock factors suggest that the proper foci are symptomatic assessment and the difference in recovery outcomes with and without surgery. See Brock at 162-64.

required.

Rigid reliance on medical or surgical guidelines in the face of substantial evidence suggesting departure from those guidelines can support a finding of deliberate indifference. See Johnson v. Wright, 412 F.3d 398, 406 (2d Cir. 2005). Showing that prison medical staff ignored the recommendations of a plaintiff's treating physician may be sufficient evidence. See id. at 404 ("[A] deliberate indifference claim can lie where prison officials deliberately ignore the recommendations of plaintiff's treating physicians."). Here, Plaintiff's treating physician recommended surgery based upon the documented locking of Plaintiff's knee, which he suspected was caused by loose bone fragments and meniscal tears. Objs. Exs. A, B.

Furthermore, it is not clear that Defendant's stated reason for denying Plaintiff's request for surgery—Plaintiff's failure to complete physical therapy—provided a basis under the guidelines for that denial. Section 700 of the InterQual guidelines prescribes a course of treatment for "Resection/repair of stable meniscal tear." Objs. Ex. E. Defendant denied Plaintiff's injury under Section 700, because Plaintiff had not yet completed required physical therapy. Id. Ex. F. However, it appears that Plaintiff could have qualified for surgery under Sections 100 and 600 of the guidelines without first attempting physical therapy, and Defendant has not provided an explanation as to why recommending surgery under these sections was not appropriate. See id. Ex. E; see generally Def.'s SJ Mem.; Dkt. No. 95. Note 27 of the InterQual guidelines for meniscal injuries states that Section 700 "exclude[s] patients with meniscal instability documented by locking of the knee . . . . For patients with these findings, see indication 600 within this criteria subset"; physical therapy is not a prerequisite to surgery under Section 600, which is the protocol for "Resection/repair of unstable meniscal tear." Objs. Ex. E. Although Plaintiff's knee was initially

6

diagnosed as "stable," after further testing Plaintiff was ultimately diagnosed with "unstable tears of the medial meniscus" on October 14, 2009. Id. Ex. B. Additionally, because scans revealed "some artifact . . . present in the medial patella femoral joint," Plaintiff may also have qualified under Section 100 for "Removal of intra-articular loose body"—this protocol also does away with conservative treatments such as physical therapy before surgery. Id. Exs. B, E. Because it appears that the InterQual guidelines were applied reflexively—and, furthermore, wrongly—the Court cannot conclude as a matter of law that Defendant was not deliberately indifferent to Plaintiff's serious medical needs.

### C. Qualified Immunity

Defendant also asserts that he is entitled to summary judgment on qualified immunity grounds. Qualified immunity is an affirmative defense. Lee v. Sandberg, 136 F.3d 94, 101 (2d Cir. 1997). "The doctrine of qualified immunity entitles public officials to freedom from suit for acts undertaken in their official capacity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe that their acts did not violate those rights." Martinez v. Simonetti, 202 F.3d 625, 633-34 (2d Cir. 2000). Significant emphasis should be placed on whether or not the legality of the act is governed by controlling precedent. See Richardson v. Selsky, 5 F.3d 616, 623 (2d Cir. 1993).

It has been clearly established that a prison official may be deliberately indifferent to medical needs if he rigidly and improperly applies a treatment policy where the plaintiff has either: (1) a potentially debilitating disease; or (2) a condition known to cause chronic pain. Philips v. Wright, No. 13-548-PR, 2014 WL 185016, at *1 (2d Cir. Jan. 17, 2014) (citing Johnson, 412 F.3d at 406, and Brock, 315 F.3d at 166). A rational factfinder could find that it was not objectively reasonable

7

for Defendant to believe that he did not violate Plaintiff's rights, particularly because it is not clear that denial of surgery was proper even applying the InterQual guidelines rigidly. Therefore, a grant of qualified immunity is not appropriate.

## V. REMAINDER OF THE REPORT-RECOMMENDATION

The Court reviews the remainder of the Report-Recommendation for clear error and finds none. Accordingly, the remainder of the Report-Recommendation is adopted in its entirety.

## VI. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 99) is **APPROVED** and **ADOPTED** except as to the section regarding Defendant's Motion (Dkt. No. 92) for summary judgment on Plaintiff's Eighth Amendment claims against Defendant John Manenti; and it is further

**ORDERED**, that Defendant's Motion (Dkt. No. 92) for summary judgment is **GRANTED in part and DENIED in part**. Plaintiff's claims against all yet-unnamed Defendants are **DISMISSED**. Plaintiff's claims against Defendant John Manenti may proceed; and it is further

**ORDERED**, that Plaintiff's Amended Motion (Dkt. No. 89) for summary judgment is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order upon the parties to this action in accordance with the local rules.

**IT IS SO ORDERED**.

DATED:	April 24, 2014
	Albany, New York

Lawrence E. Kahn
U.S. District Judge